UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EILEEN MARIE DOHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 5720 |
| | ) | |
| THE COOK COUNTY STATE'S | ) | |
| ATTORNEY'S OFFICE, THE COOK | ) | |
| COUNTY SHERIFF'S OFFICE, THE | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | |
| THE OAK LAWN POLICE DEPARTMENT, | ) | |
| and HARRY, MADONNA AND PETER | ) | |
| DOHERTY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

On October 12, 2005, we granted Plaintiff Eileen Marie Doherty's motion to proceed *in forma pauperis* and denied her motion for appointment of counsel. Doherty filed a second motion for appointment of counsel, providing us with an opportunity to evaluate her Second Amended Complaint.[1] Doherty's *pro se* Second Amended Complaint asserts five counts, which we construe liberally. *Donaldson v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Based on that review, and as discussed below, we hereby notify Doherty of our intent to *sua sponte* dismiss Counts IV and V.

ANALYSIS

We interpret Count IV as a claim that the Cook County State's Attorney's Office

---

[1] Magistrate Judge Nolan subsequently appointed counsel to represent Doherty following transfer of the motion to her.

-1-

("SAO") violated Doherty's Fourteenth Amendment substantive due process rights by participating in Illinois custody proceedings concerning two of her daughters.[2] Substantive due process encompasses a parent's long-recognized interest in familial relations, as well as a child's interest in being raised by her parents. *See Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1018-1019 (7th Cir. 2000). The "constitutional right to family integrity, however, is not absolute," *Brokaw*, 235 F.3d at 1019, and "is bounded by the government's compelling interest in protecting children," *Delafont v. Beckelman*, No. 02C5448, 2004 WL 2810754, at *3 (N.D. Ill. Oct. 25, 2005).

Despite a generous reading, Doherty's conclusory allegations are insufficient to state a claim for a violation of her parental rights. *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1559 (7th Cir. 1991) (commenting that the court need not accept legal conclusions plead in complaint); *see O'Brien v. ARDC*, 143 F. Supp. 2d 1015, 1017 (C.D. Ill. 2001) (conclusory allegations without supporting facts will not survive a Rule 12(b)(6) review). Moreover, the SAO's purported misconduct – filing a motion to dismiss her appeal and otherwise participating in custody proceedings – would not rise to the level of a constitutional violation. (Sec. Am. Compl. Count IV, ¶¶ 1, 3.) Doherty does not claim that the SAO illegally removed her children or committed some other constitutional error. Under no set of facts could we conclude that the SAO's *participation* in a state-court proceeding, presumably to advocate the state's compelling interest and with the permission of that court, violated Doherty's Fourteenth Amendment rights. Finally, Count IV fails to allege any violation of the Fourth Amendment prohibiting unreasonable government searches or seizures, or a state-law claim for defamation (if that is

---

[2]The allegations do not describe any deprivation of procedural due process.

what Doherty intended). (Sec. Am. Compl. Count IV, ¶ 2.) While we intend to dismiss the claims asserted in paragraphs 1 through 3 of Count VI, we decline to address the factual allegations involving unspecified "Defendants" described in paragraph 4 at this time.[3]

With respect to Count V, we lack jurisdiction over Doherty's request that we "Vacate the lower Court's Order Granting DEFENDANT'S [sic] Custody and Guardianship" of her daughters to defendants Harry and Madonna Doherty. (Sec. Am. Compl. Count V & Exh. F.) The *Rooker-Feldman* doctrine plainly prohibits us from entertaining "'a proceeding to reverse or modify' a state court judgment." *O'Brien*, 143 F. Supp. 2d at 1018 (*quoting Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149 (1923)); *see Dist. of Columbia Ct. App. v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315 (1983); *see also Garry v. Geils*, 82 F.3d 1362, 1366 (7th Cir. 1996) ("[I]f a federal plaintiff claims injury at the hands of a state court, due to its decision in a civil case, federal district courts have no jurisdiction to hear the case."). Only the United States Supreme Court has jurisdiction to review the final judgments of state supreme courts, and Doherty's Second Amended Complaint suggests that she has already availed herself of that legal outlet. *See Garry*, 82 F.3d at 1366. (Sec. Am. Compl. Count IV, ¶ 3.) Therefore, we may not consider Doherty's request to vacate the Illinois state court's custody decision.

Before *sua sponte* dismissing Counts IV and V, however, "we are required to give [Doherty] notice of [our] intent to do so and an opportunity to respond." *Stewart Title Guar. Co. v. Cadle Co.*, 74 F.3d 835, 836 (7th Cir. 1996). Accordingly, we grant Doherty until January 27,

---

[3]In Count IV, Paragraph 4, Doherty claims that the Defendants and the Illinois Department of Human Rights stalked her and her child. She alleges that Defendants infiltrated a breastfeeding education class "disguised as 'educators,'" placed a dead rat near her and her child in the classroom and "left a 'green' stuffed animal in the trash bin while harassing" her. (Sec. Am. Compl. Count IV, ¶ 4.)

-3-

2006, to respond.

## CONCLUSION

For the foregoing reasons, we notify Doherty of our intent to dismiss with prejudice Counts IV and V of the Second Amended Complaint. Doherty has until January 27, 2006, to respond. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated    January 3, 2006